**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AIQIN LI, | No.   14-70761 |
| Petitioner, | Agency No. A089-878-454 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016**

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Aiqin Li, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

We do not consider the materials attached to and referenced in Li's opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's adverse credibility determination based on Li's inconsistent testimony regarding who performed her baptism, and the lack of detailed testimony regarding her church attendance in the United States and the location of her detention in China. *See Shrestha*, 590 F.3d at 1048; *see Jin v. Holder*, 748 F.3d 959, 966 (9th Cir. 2014) (credibility finding reasonable in the totality of the circumstances, including lack of detail in testimony). Thus, in this case, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (denying both asylum and withholding of removal where adverse credibility determination is supported).

Substantial evidence also supports the agency's denial of Li's CAT claim because it is based on the same testimony the agency found not credible, and Li

does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in China. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED**.